(78 South. 601)

No. 22582.

MEYERS et ux. v. BASCLE.

(April 29, 1918.)

*(Syllabus by the Court.)*

MASTER AND SERVANT ☞153(1)—NEGLIGENCE —FAILURE TO WARN INEXPERIENCED SERVANT.

"It is actionable negligence for a master not to warn an inexperienced servant of the dangers of the employment, and instruct him how to avoid them."

Appeal from Twenty-Sixth Judicial District Court, Parish of Saint Tammany; Prentiss B. Carter, Judge.

Action by Mr. and Mrs. Seymore Meyers against Joseph A. Bascle. Judgment for plaintiffs, and defendant appeals. Affirmed.

Harvey E. Ellis, of Covington, for appellant. Fred J. Heintz and Adrain D. Schwartz, both of Covington, for appellees.

SOMMERVILLE, J. Plaintiffs, on behalf of their minor son, aged 17 years, sued defendant in damages for personal injuries to their said son, alleged to have been suffered while in the employ of defendant through the fault and negligence of the defendant. Defendant answered denying his liability, and alleged gross fault and negligence on the part of plaintiff's son.

There was judgment in favor of plaintiffs for $1,000, and defendant has appealed.

Plaintiffs allege in their petition that their son, Joseph W., was an immature youth, reared in the country, and not accustomed to the use of machinery, and that in placing him with the defendant to work on defendant's farm, and in his dairy, it was stipulated that their son was not to use the hay-cutter belonging to defendant; that their son was put to work thereat by defendant, contrary to the stipulation made by them with him; and that he was not warned or given knowledge of the dangerous character of the machine where he had been put to work by defendant, and that he was maimed by said machine.

Defendant answering did not deny that plaintiff's son had been put to work at the hay-cutter by him without the giving of instructions by him as to the dangerous character of the machine, and he alleged that no instructions were necessary to be given any one in the use of the same, as it was not a dangerous machine.

The evidence shows that Joseph Meyers was an ordinary country lad, uninstructed as to machinery and the dangers attending its use, and that he was feeding the hay-cutter when he met with the accident which resulted in the cutting off of his thumb and two first fingers, together with the first joint of the third finger of his right hand. It further shows that the cutters of the machine which maimed the right hand of the boy were concealed by a hood, and that the machine was not ordinarily dangerous to one who had been instructed in the use thereof.

It appears on the occasion of the accident that Joseph had been feeding the machine with his right hand, and that the machine had become choked, and to unchoke it he

placed his left hand in front of the machine to pull the hay out, when his right hand was drawn by the rollers with the pea vines into the cutters. It further appears that the proper way for him to have done to unchoke the machine was to go in front of it and pull the hay out with his hands, or with a stick, after the gasoline engine which operated the cutter had been stopped. The machine might have been unchoked by a lever, which was attached to it for that purpose, but the operator did not know anything about the lever, and he proceeded to act in the way that he had seen others act.

That the machine was dangerous to an inexperienced hand is shown by the results to Joseph Meyers in this case, and it was the duty of the master to have acquainted him with its risks and dangers at the time of his employment, and to have shown him how to operate the lever in the event the machine became choked.

"An inexperienced employé should not be sent to do work where there is danger without instructions enabling him to guard against danger." Bonnin v. Crowley, 112 La. 1025, 36 South. 842.

Where the master fails to instruct an inexperienced servant, and in consequence of which failure the servant is injured, the master does not discharge his full duty to his servant. McBailey v. Subervielle, 120 La. 570, 45 South. 442; Parker v. Lumber Co., 115 La. 463, 39 South. 445.

Indeed, it appears to us that a master who sends an inexperienced man to work in the presence of known danger without warning him of the danger, and without trying fully to instruct him how to avoid the danger is woefully remiss in his duty. He ought not, in the first place, to employ an inexperienced man to do a dangerous piece of work requiring more skill than the employé possesses. But as industrial enterprises must go on, and men must find employment, at least he should be held to a strict compliance with the rule, and give to each inexperienced man full instructions of the danger to which he is to be exposed. Lindsay v. Lumber Co., 108 La. 468, 32 South. 464, 92 Am. St. Rep. 384.

The judge allowed damages in the sum of $1,000. Plaintiffs have not answered the appeal.

The judgment appealed from is affirmed.

O'NIELL, J., concurs in the decree.